Goodman

THIS OPINION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Mailed: July 11, 2008

Opposition No. **91176345**

Vibe Records, Inc.

v.

Vibe Media Group LLC

Before Holtzman, Cataldo and Ritchie de Larena,
Administrative Trademark Judges.

By the Board:

This case now comes up on applicant's motion, filed
April 26, 2007, to dismiss on the grounds that opposer's
notice of opposition fails to state a claim upon which
relief can be granted and that the notice of opposition is
untimely.

The involved application was published for opposition
on November 14, 2006, and on November 24, 2006, the Board
granted opposer's request for extension of time to oppose
allowing opposer until March 14, 2007 to file its
opposition.

The filing date of an opposition is the date of receipt
in the Office of the opposition together with the required
fee. See Trademark Rule 2.101(d)(4).[1] In this case, the

---

[1] On August 31, 2007, Trademark Rule 2.101(d)(4) was amended to
also require proof of service of a copy of the notice of

notice of opposition appears to be a faxed copy of a filing

that was unsuccessfully attempted through the Board's

Electronic System for Trademark Trials and Appeals (ESTTA).

We note that the first page of the notice of opposition,

reproduced below, has the following markings on it:

Office mailroom receipt stamp  dated "3-15-2007";

Notation at the bottom of the page: " . . . *rcvd at 3/14/07 12:34:06 PM (Eastern Daylight Time] *SVR:USPTO-EXXRF . . . .";

"03/16/2007 KGIBBONS . . . 300.00 OP"; `

"Validate . . . Review the information below and click on the 'to proceed with payment' button'";

"ESTTA Tracking Number ESTTA 129706"; and

"Filing date 3/13/2007."

---

opposition on the applicant.  The amended rule is only applicable to Board proceedings commenced on or after that date.



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

*Electronic System for Trademark Trials and Appeals*

Notice of Opposition.

Navigation: Add/Modify - Related - Correspondence - Pleading - Sign - Validate

## Validate

Review the information below and click on the "to proceed with payment" button if the information is correct. If you need to edit any information, go back to proper screen using navigation facilities on this web page and make your correction (s).
DO NOT USE THE BACK BUTTON ON YOUR BROWSER.

ESTTA Tracking number: **ESTTA129706**

Filing date: **03/13/2007**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

### Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

**Opposer Information**

| | |
|---|---|
| Name | Timothy J. Olphie<br>Vibe Records, Inc. |
| Granted to Date of previous extension | 03/14/2007 |
| Address | #824 Old Country Road<br>Westbury, NY 11590<br>UNITED STATES |
| Party who filed Extension of time to oppose | Vibe Records, Inc.<br>Vibe Records, Inc. |
| Relationship to party who filed Extension of time to oppose | I am the opposer as well as President & CEO of Vibe Records, Inc. |

03-15-2007
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #72

03/16/2007 KGIBBONS 00000078 78851648
01 FC:6402          300.00 OP

PAGE 3/4 * RCVD AT 3/14/2007 12:34:06 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/40 * DNIS:2736500 * CSID: * DURATION (mm-ss):02-26/07 12:28:56 PM

We turn first to consideration of the "3/13/2007" notation on the notice of opposition. It is apparent that the notice of opposition was not filed via the Board's Electronic System for Trademark Trials and Appeals (ESTTA) on March 13, 2007. The "Validate" notation provided on

Opposition No. 91176345

opposer's notice of opposition is a screen that is generated

prior to payment of the filing fee to complete the ESTTA

filing.[2]  Upon successful completion of payment of the

required fee a "Receipt" screen will be generated in ESTTA

as shown in the example below:[3]



[2]  See Guidelines at http://estta.uspto.gov ("After completing
all required fields, you will be prompted to validate and sign
your submission.  The data appearing on this screen will be
submitted to the TTAB.  If necessary, navigate back to the proper
field to correct the information prior to transmitting the
form").
[3] The filer will also receive an e-mail acknowledgement of
receipt from ESTTA with the ESTTA tracking number and the
filing information.  See TBMP Section 108 (2d. ed. rev.
2004) ("Correspondence transmitted electronically through
ESTTA is stamped with the date and time the Office receives
the transmission, or if a fee is required, the date and time
the payment process is completed.  Once a request is
transmitted electronically, the system immediately provides

4

In this case the payment of the fee transaction was manually processed by USPTO Office of Finance staff via a charge to opposer's credit card which did not occur until March 16, 2007. Opposer was clearly on notice that its ESTTA filing was not completed, as opposer was never able to complete payment of the required filing fee electronically. We note that the "Welcome to ESTTA" screen where ESTTA filers begin the filing process warns filers about last-minute filings for just this type of situation:

> **PLAN AHEAD.** Because unexpected problems can occur, you should keep filing deadlines in mind and allow plenty of time to resolve any issue which might arise. The Board will provide general assistance to ESTTA filers (see contact information below), but we cannot guarantee that any problem will be resolved prior to a deadline. Except when filing extensions of time to oppose or oppositions to Madrid Protocol applications (see below), ESTTA filing is optional. If ESTTA filing is not possible prior to a deadline for any reason, parties should submit their filings in paper.

> **Filing Date.** Eastern Time controls the filing date. ESTTA filings are time-stamped with the official filing date when the ESTTA filing, including any required fee is received on the USPTO server. The time the transmission began is not a factor we consider when we assign the filing date. The official filing date and time can be found on the confirmation web screen and in your e-mail confirmation.

.

---

the sender with an e-mail acknowledgement of receipt"). See also http://estta.uspto.gov ("Once you submit a request electronically, the office will immediately provide you with an e-mail acknowledgment of receipt. Print a copy of this screen for your records. Please contact the Office within 24 hours of transmission (or by the next business day) if you do not receive this acknowledgment").

http://estta.uspto.gov.  As a result, the ESTTA filing process was not completed and a filing receipt and an e-mail acknowledgement of ESTTA filing were not generated.  Thus, the March 13, 2007 date appearing on the "Validate" screen is not the operative filing date for the notice of opposition.

We next turn to consideration of the "3/14/2007"` notation on the notice of opposition.

In this case, the 3/14/2007 notation on the bottom of the page of the notice of opposition indicates that the paper was received in the USPTO by facsimile transmission on March 14, 2007.  Thus, the notations show that opposer tried to file the notice of opposition by ESTTA but never completed the filing by submitting the fee, and then subsequently attempted to file the notice of opposition with the Board by facsimile.

We cannot, however, give effect to the March 14, 2007 facsimile date as the filing date for the notice of opposition because such filings may not be made by facsimile.  See Trademark Rule 2.195(d)(3) ("Facsimile transmissions are not permitted and if submitted, will not be accorded a date of receipt, in the following situations: Correspondence to be filed with the Trademark Trial and Appeal Board, except notices of ex parte appeal").

6

Moreover, it was not appropriate under the Trademark Rules to accord any filing date to the facsimile transmission, although apparently the paper was routed to the USPTO mailroom which processed the paper and affixed a March 15, 2008 mailing date stamp label to it. However, because a facsimile filing of a notice of opposition is not acceptable in any circumstances under the Trademark Rules, the facsimile filing can be given no effect.

Accordingly, opposer's notice of opposition should not have received a filing date, and this proceeding should not have been instituted.

In view thereof, applicant's motion to dismiss is granted and the opposition is dismissed as a nullity.[4]

---

[4] The opposition fee will be returned in due course. See TBMP section 119.03. Opposer should note that its remedy in this matter lies in a petition to cancel.